IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,719-05






EX PARTE MICHAEL NAWEE BLAIR








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


FROM CAUSE NO. W366-81344-93(HC4) IN THE 366
TH DISTRICT COURT


COLLIN COUNTY





 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071 § 5.

 In September 1994, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Blair v. State, No.
72,009 (Tex. Crim. App. Sept. 25, 1996) (not designated for publication). Applicant filed
his initial post-conviction application for writ of habeas corpus in the convicting court on
January 20, 1998. This Court denied applicant relief. Ex parte Blair, No. WR-40,719-01
(Tex Crim. App. Apr. 7, 1999)(not designated for publication). The Court dismissed
applicant's first subsequent application on September 13, 2000, and remanded his second
subsequent application to the trial court on May 30, 2001, to consider five of the issues
raised. Ex parte Blair, Nos. WR-40,719-02 and -03 (Tex. Crim. App. Sept. 13, 2000 and
May 30, 2001)(neither designated for publication). The second subsequent application is still
pending in the trial court. 

 Applicant presents one allegation in the instant application. Specifically, he asserts
that newly discovered evidence shows him to be actually innocent of the crime of which he
has been convicted. We have reviewed the application and find that the allegation satisfies
the requirements of Article 11.071 § 5. Accordingly, we remand the application to the trial
court to consider applicant's claim. Because the second subsequent application is still
pending in the trial court, and because the claim raised here is a companion claim to those
raised in that application, we order the trial court to resolve the issues and return both cases
to this Court within 120 days of the date of this order. 

 IT IS SO ORDERED THIS THE 13TH DAY OF DECEMBER, 2006.


Do Not Publish